ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
CHUNG H. HAN (Cal. Bar No. 191757)
Assistant United States Attorney
Email: chung.han@usdoj.gov
      Room 7516, Federal Building
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-2083
      Facsimile: (213) 894-7819

Attorneys for Defendant
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERLING SUSANA LOPEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 11-02677 R (SHx)<br><br>**UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>The Honorable Manuel L. Real |

      On March 19, 2012, this Court granted defendant United States of America's ("United States" or "Defendant") motion for summary judgment. (Dk. no. 28.) The Court ordered that "Defendant shall submit proposed uncontroverted facts and conclusions of law, a proposed order and a proposed judgment." (*Id.*) Pursuant to the Court's order, the United States hereby submits the following [Proposed] Uncontroverted Facts and Conclusions of Law.

# UNCONTROVERTED FACTS

1. On March 18, 2008, Plaintiff, who was 24 years old at the time, presented herself to Clinicas Del Camino Real, Inc. ("Clinicas"), an entity receiving federal funds under the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g), as amended by the Federal Supported Health Centers Assistance Act of 1995 (P.L. 104-73), for a pre-employment physical examination.

2. During the evaluation process it was determined that Plaintiff required a hepatitis B vaccine, a MMR vaccine, and a PPD TB screening test.

3. Plaintiff underwent a physical examination which revealed no abnormalities except for mild myopia.

4. Plaintiff denied any significant past medical history.

5. Following the examination, the vaccinations and TB test were administered to Plaintiff while standing.

6. Upon receiving the third vaccination, Plaintiff fainted, fell to the ground, and suffered injury to her jaw.

7. Plaintiff filed this lawsuit on March 30, 2011.

8. On June 9, 2011, the Court substituted the United States in place of Clinicas and a Clinicas employee.

9. Plaintiff never provided the United States with an expert report.

10. The United States submitted the declaration of its expert, Ricardo G. Hahn, M.D., a professor at the University of Southern California, and physician for 36 years. Dr. Hahn's practice administers immunizations on a daily basis to infants, children, and adults. His practice supports a large training program where preventive medical services are integral to the clinical practice, and supports a number of local, state, and federal programs related to vaccination surveillance.

11. Dr. Hahn has participated on the Advisory Committee on Immunization Practices (ACIP) for the federal Centers for Disease Control and Prevention (CDC) as well as the American Academy of Family Physicians (AAFP).

12. On February 16, 2012, the United States moved for summary judgment on the grounds that Plaintiff had failed to designate an expert witness to opine on the standard of care in administering immunizations, and submitted the declaration of its expert, Dr. Hahn.

13. On February 24, 2012, Plaintiff opposed the United States' motion but failed to submit a declaration from an expert witness on the standard of care.

14. On February 27, 2012, Plaintiff purported to file a declaration from a Dr. Steven Jacobs. The declaration, however, was from Plaintiff.

15. Plaintiff never filed a declaration with the Court from an expert witness.

16. Plaintiff, however, served a declaration from Dr. Jacobs on the United States, and the United States' counsel filed it as an exhibit to a declaration in support of its reply brief on March 5, 2012.

17. Plaintiff served the declaration of Dr. Jacobs by mail on February 28, 2012, after the discovery period had expired on February 27, 2012.

18. The declaration of Dr. Jacobs purported to have a curriculum vitae attached to it, but it did not have a curriculum vitae attached to it.

19. Plaintiff's counsel presented the Court with Dr. Jacobs' curriculum vitae at the hearing on March 19, 2012. The Court reviewed Dr. Jacob's curriculum vitae and concluded that it did not demonstrate that Dr. Jacobs was qualified to render an expert opinion on the standard of care in administering immunizations.

# CONCLUSIONS OF LAW

20. In a medical malpractice action, expert testimony is required to establish negligence (*i.e.*, breach of an applicable medical standard of care) and causation. *Brown v. Colm*, 11 Cal. 3d 639, 642-43 (1974); *Willard v. Hagemeister*, 121 Cal. App. 3d 406, 412 (1981); *Gami v. Mullikin Medical Center*, 18 Cal. App. 4th 870, 877 (1993). Absent medical testimony sufficient to prove these elements, Plaintiff's claims must fail.

21. Untoward results alone are not enough to render physicians liable. *Huffman v. Lindquist*, 37 Cal. 2d 465, 473 (1951).

22. A claim of medical malpractice must be supported by expert testimony. *Brown v. Colm*, 11 Cal. 3d 639, 642-43 (1974)

23. The standard of care requires a physician to exercise that reasonable degree of knowledge and skill which is ordinarily possessed and exercised by other physicians in similar circumstances. *Brown*, 11 Cal. 3d at 642-43.

24. Only a medical expert knows the applicable standard of skill, knowledge and care in the relevant community. *Willard v. Hagemeister*, 121 Cal. App. 3d 406, 412 (1981).

25. Because Plaintiff never filed a declaration from a medical expert opining on the standard of care, she has failed to comply with Local Rule 7-9 to submit all evidence in support of an opposition twenty-one (21) days before the date designated for the hearing of the motion.

26. Although the United States filed a declaration from Dr. Jacobs as an exhibit in support of its reply brief, Plaintiff failed to submit Dr. Jacobs' curriculum vitae. Plaintiff therefore has not explained how Dr. Jacobs is qualified "by knowledge, skill, experience, training, or education" under Fed. R. Evid. 702 to render an expert opinion.

27. The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999).

28. Although Dr. Jacobs is indisputably a retained expert under Fed. R. Civ. P. 26(a)(2), Plaintiff failed to provide Defendant with an expert report from Dr. Jacobs or any other expert.

29. The declaration of Dr. Jacobs is therefore stricken, and Dr. Jacobs is precluded from testifying in this action due to Plaintiff's failure to properly designate him as an expert and provide an expert report. Fed. R. Civ. P. 37(c)(1); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.").

30. In any event, Dr. Jacobs' curriculum vitae fails to demonstrate that he is qualified to provide an expert opinion on the standard of care in administering immunizations.

31. Defendant's expert, Ricardo G. Hahn, M.D., a professor at the University of Southern California, and physician for 36 years, is qualified to offer an expert opinion. His practice administers immunizations on a daily basis to infants, children, and adults, and supports a large training program where preventive medical services are integral to the clinical practice, and supports a number of local, state, and federal programs related to vaccination surveillance. Dr. Hahn has also participated on the Advisory Committee on Immunization Practices (ACIP) for the federal Centers for Disease Control and Prevention (CDC) as well as the American Academy of Family Physicians (AAFP)

32. Dr. Hahn, opined that the treatment Plaintiff received at Clinicas met the standard of care:

> It is the standard of practice throughout the nation to administer vaccinations to adults in a standing and/or sitting position. Given the absence of any risk factors, the young age of the patient, and the nature of the visit, there were clearly no contraindications to administering vaccinations to a standing patient.

33.   Dr. Hahn concluded that Clincias did not breach the standard of care "[e]ven though Ms. Lopez sustained a non-displaced fracture of the mandible" because:

> [T]he events leading to the fracture and the care provided by the clinic did not violate the standard of practice and falls within the standards acceptable for the immunization practices promulgated by the United States Centers for Disease Control and Prevention and its Advisory Committee on Immunization Practices (ACIP) which has been for a number of decades the entity whose recommendations have been universally accepted in immunization practice.

34.   Dr. Hahn determined that the "care provided to Ms. Lopez by Clinicas Del Camino Real fell within the standard of practice applicable to our community."

Dated: APRIL 4, 2012.

_____
MANUEL L. REAL
U.S. DISTRICT JUDGE